IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS PUGH and ANNIE PUGH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:10-cv-221-ID ) (WO) |
| GENERAL ELECTRIC COMPANY, d/b/a/ G.E. Money Bank, a foreign foreign company, and TRANS UNION, LLC, a foreign Limited Liability Company, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is currently before the Court on Defendant Trans Union, LLC's Partial Motion to Dismiss (Doc. #9) filed on April 5, 2010, and Defendant G.E. Money Bank's joinder to that motion (Doc. #21) filed on April 29, 2010. The Plaintiffs, Julius and Annie Pugh, sued the Defendants for allegedly violating the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq*. The Partial Motion to Dismiss requires this Court to decide whether the FCRA empowers a district court to award equitable relief to private plaintiffs. Because the Court finds that the FCRA does not empower a district court to grant equitable relief to private plaintiffs, the Partial Motion to Dismiss is due to be GRANTED.

1

## I. JURISDICTION

The Court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint or part of a complaint because the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). Additionally, all factual allegations must be construed in the light most favorable to the plaintiff. *See e.g., Brower v. County of Inyo*, 489 U.S. 315, 327 (1991). Nevertheless, even accepting the alleged facts as true, a court may grant a motion to dismiss if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support a cause of action." *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs filed for bankruptcy under chapter 7 of title 11 of the United States Code and were granted a discharge of their debts on March 4, 2009. (Doc. #1, 2). One of the debts that was discharged was a $1,079 debt owed to Defendant G.E. Money Bank (GEMB), a

company that regularly furnishes credit to consumers. The Plaintiffs state that GEMB knew the debt had been discharged because GEMB received notice of the meeting of creditors and the order of discharge. (Doc. #1, 3). According to the Plaintiffs, despite receiving this notice, GEMB continues to report a balance on the Plaintiffs' account to at least one credit reporting agency. The Plaintiffs allege that GEMB intentionally, maliciously and willfully failed to implement reasonable procedures to update the Plaintiffs' account to reflect a zero balance after the discharge. (Doc. #7-1, 3).

The other defendant, Trans Union, LLC, is a consumer credit reporting agency, or CRA, engaged in the business of assembling, evaluating, and dispersing consumer credit information. The Plaintiffs allege that Trans Union did not have reasonable procedures in place to assure the accuracy of the information it published in consumer credit reports as required by the FCRA. According to the Plaintiffs, this failure to comply with the FCRA was intentional, reckless and willful.

The Plaintiffs filed an amended ten-count complaint against GEMB and Trans Union alleging violations of federal as well as Alabama state law. (Doc. #7-1). The amended complaint seeks monetary damages and equitable relief. More specifically, Count Ten of the amended complaint seeks declaratory and injunctive relief from the Defendants' alleged violations of the FCRA. (Doc. #7-1, 13). On April 5, 2010, Trans Union filed a partial motion to dismiss the claims for equitable relief. (Doc. #9). On April 29, 2010, GEMB joined Trans Union's partial motion to dismiss. (Doc. #21). The Plaintiffs have not challenged the timeliness of GEMB's joinder of the partial motion to dismiss.

## IV.  DISCUSSION

One of the purposes of the FCRA is to require consumer credit reporting agencies to establish reasonable procedures regarding the accuracy of information that the agencies report.  15 U.S.C. § 1681(b).  Whenever a credit reporting agency prepares a consumer report, it must follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer disputes the accuracy of the information contained in a report, the consumer may notify the agency and the agency must then "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" or else delete the disputed item within 30 days of receiving notice of the dispute.  15 U.S.C. § 1681i(a)(1)(A).  The agency must also "provide notification of the dispute to any person who provided any item of information in dispute . . . ." 15 U.S.C. § 1681i(a)(2)(A).

Entities who provide information to credit reporting agencies are known as furnishers. The FCRA contains provisions for furnishers as well.  One of these provisions states that a furnisher may not provide information to a reporting agency if the furnisher knows, or has reasonable cause to believe[1], that the information is inaccurate.  15 U.S.C. § 1681s-2(a)(1)(A).  If a credit reporting agency notifies a furnisher of a dispute regarding the completeness or accuracy of any information, the furnisher must conduct an investigation of

---

[1] According to 15 U.S.C. § 1681s-2(D), "reasonable cause to believe that the information is inaccurate" means that the entity has "specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."

the disputed information. 15 U.S.C. § 1681s-2(b)(1).

The FCRA empowers individuals to sue any person who willfully or negligently fails to comply with the requirements of the FCRA with respect to any consumer. 15 U.S.C. §§ 1681n(a)[2], 1681o(a). United States district courts have jurisdiction over these actions. 15 U.S.C. § 1681p. Individuals may seek actual damages, costs, reasonable attorney's fees and punitive damages, if applicable. 15 U.S.C. §§ 1681n, 1681o.

In this case, the Plaintiffs seek monetary damages and "injunctive relief, a declaratory judgment, and a determination that Defendants violated the . . . FCRA . . . ." (Doc. #7-1, 13). Specifically, the Plaintiffs seek a declaratory judgment that Defendants violated 15 U.S.C. §§ 1681e(b), 1681i and 1681s-2 and also an injunction against further violations of those sections.

In their Rule 12(b)(6) motion to dismiss, the Defendants argue that the Plaintiffs' equitable claims should be dismissed because the FCRA does not empower a federal court to grant equitable relief. The Plaintiffs counter by arguing that federal courts have inherent authority to award equitable relief absent a clear command from Congress to the contrary.

---

[2] While GEMB did not raise the issue in its joinder to the partial motion to dismiss, the Court notes that furnishers like GEMB may be subject to suit by private parties under 15 U.S.C. § 1681s-2. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, * 4, n. 2 (S.D. Fla. Mar. 30, 2010) ("The Court also notes that whether or not there is a private right of action under the FCRA against a furnisher of information is an open question. To the extent it exists, the furnisher's duty under 15 U.S.C. § 1681s-2(b) is a duty to reinvestigate credit information when notice is received from a CRA . . . .") (citations omitted); *Abbett v. Bank of America*, No. 3:04-CV-01102-WKW-VPM, 2006 WL 581193, * 5 (M.D. Ala. 2006) (Watkins, J.) ("To prevail on a § 1681s-2(b) claim, [the plaintiff] must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to § 1681 i(a)(2).").

(Doc. #24, 1-3). The Plaintiffs also argue that other federal courts have granted equitable relief under the FCRA and urge this Court to follow the lead of those courts. The Court is unpersuaded by the Plaintiffs' arguments.

While the Eleventh Circuit Court of Appeals has not addressed this issue, "[d]istrict courts in the Eleventh Circuit have consistently held that equitable relief is not available to private citizens under the FCRA." *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1305 (M.D. Ala. 2009) (Albritton, J.) (citing *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005) (Fuller, C.J.)). This Court agrees with the well-reasoned opinions of these other courts and concludes that the FCRA does not empower a federal court to grant equitable relief to private parties.

Generally, "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979). The Plaintiffs argue that the FCRA does not contain a clear command from Congress prohibiting equitable relief and therefore this Court is authorized to grant it in this case. (Doc. #24, 2). However, the sections of the FCRA that grant individuals a right of action contain a list of available remedies, and that "list does not include equitable relief." *Hamilton*, 642 F. Supp. 2d at 1305-06; *see also Jones*, 391 F. Supp. 2d at 1065; 15 U.S.C. §§ 1681n, 1681o. That omission is significant because § 1681s(a) of the FCRA expressly empowers the Federal Trade Commission to obtain injunctions for violations of the FCRA. *See Hamilton*, 642 F. Supp. 2d at 1306; *Washington v. CSC Credit Svcs. Inc.*, 199 F.3d 263, 269 (5th Cir. 2000) (holding

that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants . . . demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."). Courts in this Circuit have determined that the exclusion of equitable relief from the list of remedies available to private individuals was intended by Congress to vest injunctive relief solely with the FTC. *See Hamilton*, 642 F. Supp. 2d at 1306; *see also Baggett v. First Premier Bank*, No. 09-0364-KD-N, 2009 WL 2588890, * 2 (S.D. Ala. Aug. 19, 2009) (applying the *Hamilton* rationale in the context of declaratory relief as well).[3] This Court agrees.

The Plaintiffs point out that some courts have indicated that the FCRA does create a private right of action for equitable relief. *See Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (stating in dicta that a plaintiff suing under the FCRA who had failed to show causation was not entitled to actual damages but could still pursue other remedies, such as an injunction)[4]; *Greenway v. Info. Dynamics, Ltd.*, 399 F. Supp. 1092, 1097-97 (D. Ariz. 1974) (certifying a class action and granting a preliminary injunction under the FCRA prohibiting the defendant from further distribution of consumer credit reports). But to this

---

[3] The *Hamilton* decision cites favorably to the Fifth Circuit's decision in *Washington v. CSC Credit Svcs. Inc.*, 199 F.3d 263 (5th Cir. 2000), which begins its analysis by considering *Califano* and then draws the same conclusion as this Court about the remedies available to private plaintiffs.

[4] Plaintiffs' may have overstated the proposition for which *Crabill* stands. A later case from a district court within the Seventh Circuit "agree[d] with [*Washington v. CSC Svcs. Inc.*, 199 F.3d 263, 266 (5th Cir. 2000)] that Congress vested the power to obtain injunctive relief solely with the FTC." *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 339-40 (N.D. Ill. 2002).

Court's knowledge no other court has followed the example of *Crabill* or *Greenway*. In fact, the Fifth Circuit's decision in *Washington*, cited favorable in this district[5], considered *Greenway* and still refused to find a private right to injunctive relief. *See Washington v. CSC Credit Svcs. Inc.*, 199 F.3d at 268.

And there is at least one more reason to deny equitable relief in this case. The FCRA states that "compliance with the requirements imposed under [the FCRA] shall be enforced under the Federal Trade Commission Act . . . by the Federal Trade Commission." 15 U.S.C. § 1681s(a). Under § 5(b) of the Federal Trade Commission Act, the FTC is authorized to issue cease and desist orders. 15 U.S.C. § 45(b); *see also Jones*, 391 F. Supp. 2d at 1066; *Mangio*, 887 F. Supp. 285 (S.D. Fla. 1995). Allowing individuals to bring private actions to enforce compliance with the FCRA would effectively undermine the discretion vested solely in the FTC by the Federal Trade Commission Act. *See Jones*, 391 F. Supp. 2d at 1066 (citing *Mangio*, 887 F. Supp. at 285). The Court refuses to interfere with the FTC's enforcement abilities.

## V. CONCLUSION

For the reasons stated, it is hereby CONSIDERED and ORDERED that the Defendants' partial motion to dismiss (Doc. #9; Doc. #21) be and the same is hereby GRANTED. Accordingly, it is CONSIDERED and ORDERED that Count Ten of the complaint be and the same is hereby DISMISSED.

---

[5] *See Hamilton*, 642 F. Supp. 2d at 1306.

DONE this the 29th of June, 2010.

                                          /s/ Ira DeMent
                                          SENIOR UNITED STATES DISTRICT JUDGE